MARGARITA ROMAGUERA MORILLO, representada por su Defensor Judicial J. C. SANTIAGO MATOS, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE PONCE, recurrido.

Núm. 1121.—*Sometido:* Mayo 24, 1943. *Resuelto:* Julio 31, 1943.

*J. C. Santiago Matos,* abogado del recurrente; el registrador recurrido compareció por escrito.

· EL JUEZ ASOCIADO SEÑOR TODD, JR., emitió la opinión del tribunal.

Ante la Corte de Distrito de Ponce doña Providencia Morillo Vda. de Romaguera y su hija Margarita Romaguera Morillo, radicaron una demanda contra la sociedad José Romaguera e Hijos, solicitando se decretara la disolución y liquidación de dicha sociedad y, presentada copia de dicha demanda en el Registro Mercantil de Ponce con súplica de que se anotara en el mismo, el registrador se negó a virtud de la siguiente nota:

"Denegada la anotación de esta demanda en la hoja correspondiente a la mercantil 'José Romaguera e Hijos', porque ningún artículo del Código de Comercio autoriza la anotación de la demanda de disolución y liquidación de sociedad en el Registro Mercantil. De conformidad con la Ley sobre Recursos contra Resoluciones de los Registradores de la Propiedad, aprobada en mayo 1 de 1902, se ha tomado anotación por 120 días al folio 121 del tomo 43 de Sociedades, hoja número 1504, anotación letra 'A'. Ponce, a 15 de marzo de 1943."

Para revisar esta nota se interpuso el presente recurso.

Admite la recurrente en su alegato "que al solicitar que en el Registro Mercantil se tome conocimiento de la demanda que nos ocupa, no nos amparamos para ello en el artículo 91 del Código de Enjuiciamiento Civil, ni en el artículo 42 de la Ley Hipotecaria" y admite además que no ha encontrado que esta Corte Suprema haya pasado sobre la cuestión y que tampoco ha encontrado jurisprudencia de España que sostenga su contención de que una demanda solicitando la disolución de una sociedad deba y pueda ser anotada en el Registro Mercantil. Sostiene, sin embargo, que de acuerdo con los artículos 15 y 18 del Código de Comercio y el artículo 38 del Reglamento Interino para la Organización y Régimen del Registro Mercantil, aprobado en 21 de diciembre de 1885, aun vigente, el recurrido debió anotar la demanda.

Es precisamente en estos artículos que el registrador recurrido se funda para sostener que no procede la anotación solicitada. Dichos artículos dicen así:

"Artículo 15.—En la hoja de inscripción de cada comerciante o compañía se anotarán:

"1. Su nombre o razón social;

"2. La clase de comercio u operaciones a que se dedique;

"3. La fecha en que deba comenzar o haya comenzado sus operaciones;

"4. El domicilio, con especificación de las sucursales que hubiere establecido, sin perjuicio de inscribir las sucursales en el registro del distrito en que estén domiciliadas;

"5. Las escrituras de constitución de sociedad mercantil, cualesquiera que sean su objeto o denominación; así como las de modificación, rescisión o disolución de las mismas sociedades;

"6. Los poderes generales, y la revocación de los mismos, si la hubiere, dados a los gerentes, factores, dependientes y cualesquiera otros mandatarios;

"7. El consentimiento expreso del marido a que se refiere el artículo 6 de este Código;

"8. La revocación de la licencia dada a la mujer para comerciar;

"9. Las escrituras dotales, las capitulaciones matrimoniales, y los títulos que acrediten la propiedad de los parafernales de las mujeres de los comerciantes;

"10. Las emisiones de cédulas y obligaciones de comerciantes individuales o compañías mercantiles e industriales, y las emisiones de acciones de socios comanditarios, expresando la serie y número de los títulos de cada emisión, su interés, amortización, la cantidad total de la emisión, y los bienes, obras, derechos o hipotecas, cuando los hubiere, que se afecten a su pago.

"Las compañías extranjeras, mercantiles o industriales, colectivas o en comandita que quieran establecerse o crear sucursales en Puerto Rico, presentarán y anotarán en el registro, además de los documentos que se fijan para las de Puerto Rico, un certificado expedido por el cónsul de los Estados Unidos de estar constituídas y autorizadas con arreglo a las leyes del país respectivo. Si se tratare de compañías mercantiles o industriales (*partnerships*) constituídas en algún Estado de los Estados Unidos, dicho certificado lo expedirá el Secretario de Estado de dicho Estado."

"  *       *       *       *       *       *       *

"Artículo 18.—Se inscribirán también en el registro todos los acuerdos o actos que produzcan aumento o disminución del capital de las compañías mercantiles, cualquiera que sea su denominación, y los que modifiquen o alteren las condiciones de los documentos inscriptos.

"La omisión de este requisito producirá los efectos expresados en el artículo anterior."

"" *          *          *          *          *          *          *

"Artículo 38.—Además de la inscripción de las escrituras a que se refiere el artículo 36 de este Reglamento, es obligatorio para las Sociedades inscribir:

"1. Todos los actos, acuerdos, contratos y circunstancias que pueden influir sobre la libre disposición del capital, o sobre el crédito, así como los que alteren y modifiquen las condiciones de los documentos inscriptos.

"2. Los poderes tanto generales como especiales para determinadas operaciones, así como la modificación, constitución y revocación de los mismos. Para la inscripción de estos actos los Registradores se atendrán a lo dispuesto en el artículo 31 de este Reglamento.

"3. Las emisiones de acciones, cédulas, obligaciones de todas clases y billetes de Banco y la cancelación de las respectivas inscripciones.

"4. Los títulos de propiedad industrial, patentes de invención y marcas de fábrica en la forma y modo que establezcan las leyes.

"5. La prolongación de la Sociedad.

"6. Su rescisión parcial y disolución total, excepto cuando ésta tenga lugar por la terminación del plazo por el cual se constituyó, siendo en este caso voluntaria la inscripción."

Una mera lectura de estos preceptos demuestra que nada hay en ellos que pueda servir de base a la contención de la recurrente de que una demanda puede ser anotada en el Registro Mercantil.

*Se confirma la nota recurrida.*

Los Jueces Presidente Sr. Del Toro y Asociado Sr. Travieso no intervinieron.